IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

PATENT COMPLIANCE GROUP, INC.,  )
                                )
        Plaintiff,               )
                                )
    v.                           )    No. 10 C 4645
                                )
BRUNSWICK CORPORATION,           )
                                )
        Defendant.               )

## MEMORANDUM OPINION

SAMUEL DER-YEGHIAYAN, District Judge

This matter is before the court on Defendant Brunswick Corporation's (Brunswick) motion to dismiss. For the reasons stated below, we deny the motion to dismiss.

## BACKGROUND

Brunswick allegedly improperly marked some of its exercise equipment products (Equipment) falsely indicating that the Equipment was covered by certain patents. Plaintiff Patent Compliance Group, Inc. (PCG) contends: (1) that some of the listed patents on the Equipment had expired prior to the marking, (2) that some of the markings did not accurately indicate the scope of the patents' coverage, and (3) that some of the markings on the Equipment falsely indicated that patent

applications were pending. PCG also contends that Brunswick used references in advertisements in connection with the Equipment, falsely indicating that the Equipment was patented. PCG is bringing the instant *qui tam* action against Brunswick under 35 U.S.C. § 292(a) (Section 292(a)) for allegedly falsely marking unpatented articles with the purpose of deceiving the public. PCG includes in its amended complaint a false marking with expired patents claim, a false marking with out-of-scope patents claim, a false patent pending marking claim, and a false advertising claim. Brunswick moves to dismiss the instant action.

**LEGAL STANDARD**

In ruling on a motion to dismiss brought pursuant to Federal Rule of Civil Procedure 12(b)(6) (Rule 12(b)(6)), a court must "accept as true all of the allegations contained in a complaint" and make reasonable inferences in favor of the plaintiff. *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009)(stating that the tenet is "inapplicable to legal conclusions"); *Thompson v. Ill. Dep't of Prof'l Regulation*, 300 F.3d 750, 753 (7th Cir. 2002). To defeat a Rule 12(b)(6) motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Iqbal*, 129 S.Ct. at 1949 (internal quotations omitted)(quoting in part *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A complaint that contains factual allegations that are "merely consistent with a defendant's liability . . . stops short of the line between possibility and plausibility of entitlement to relief." *Iqbal*, 129 S.Ct. at 1949 (internal quotations omitted).

**DISCUSSION**

Brunswick contends that PCG has not alleged sufficient facts to state any false patent marking claim. Specifically, Brunswick argues that PCG has not pled sufficient facts relating to an intent to deceive to state a valid claim under Section 292(a). For Section 292(a) false patent marking claims, a plaintiff must establish an intent by the defendant to deceive the public. 35 U.S.C. § 292(a); *Pequignot v. Solo Cup Co.*, 608 F.3d 1356, 1362 (Fed. Cir. 2010)(indicating that intent to deceive is an element of a Section 292(a) claim). Since Section 292(a) is a claim that sounds in fraud, it must also be pled with particularity pursuant to Federal Rule of Civil Procedure 9(b) (Rule 9(b)). *See Borsellino v. Goldman Sachs Group, Inc.*, 477 F.3d 502, 507 (7th Cir. 2007)(stating that "[a] claim that 'sounds in fraud'-in other words, one that is premised upon a course of fraudulent conduct-can implicate Rule 9(b)'s heightened pleading requirements"); *Simonian v. Cisco Systems, Inc.*, 2010 WL 3019964, at *1 (N.D. Ill. 2010)(indicating that a Section 292(a) claim must comply with rule 9(b)); *Simonian v. Cisco Systems, Inc.*, 2010 WL 2523211, at *4 (N.D. Ill. 2010)(same).

In evaluating a complaint that includes false patent marking claims, the Federal Circuit's application of Rule 9(b) to allegations relating to state of mind that are sufficient in the context of an inequitable conduct claim is instructive. The Federal Circuit has held that, although normally knowledge and intent can "be averred generally, a pleading of inequitable conduct under Rule 9(b) must include

3

sufficient allegations of underlying facts from which a court may reasonably infer" the necessary state of mind. *Exergen Corp. v. Wal-Mart Stores, Inc.*, 575 F.3d 1312, 1328 (Fed Cir. 2009). Similarly, in the context of false patent marking claims, a plaintiff is required to plead facts from which an intent to deceive the public can be inferred. *Simonian*, 2010 WL 2523211, at *4.

Brunswick argues that PCG has merely indicated that Brunswick is a large sophisticated company that has a long history of applying for patents and litigating patent issues. Brunswick argues that such conclusory allegations are insufficient to indicate an intent to deceive. In *Simonian*, this court held that such allegations were insufficient to state a valid claim. *Simonian*, 2010 WL 2523211, at *4-*5. In that action, this court subsequently granted leave to file an amended complaint, since the proposed amended complaint included allegations that the defendant company had a web-based patent tracking system and legal counsel devoted to intellectual property matters. *Simonian*, 2010 WL 3019964, at *2.

In the instant action, PCG has alleged more than that Brunswick is a large and sophisticated company. PCG has attached to its amended complaint filings made by Brunswick to the Securities and Exchange Commission and copies of documents that PCG contends were provided by the United States Patent and Trademark Office to Brunswick when Brunswick applied for the pertinent patents, which indicated to Brunswick that the patents would expire and the date upon which they would expire. (A. Compl. Ex. U, V). PCG has also attached to its amended complaint copies of some of Brunswick's patents at issue, which specifically state the issue dates and

4

their terms. (A. Compl. Ex. B, D). Such documents attached to the amended complaint become part of the amended complaint, and are thus part of the allegations presented in the pleadings. Fed. R. Civ. P. 10(c). PCG has also attached to the amended complaint profiles of counsel that PCG contends have been regularly retained by Brunswick, and the profiles indicate that such counsel have extensive experience in patent law and experience in false patent marking cases. (A. Compl. Ex. X). Thus, PCG has alleged more than simply conclusory allegations of intent to deceive. PCG has presented certain factual allegations to plausibly suggest that Brunswick had knowledge of the alleged falsity of the patent markings at issue in this case and thus, it can be plausibly inferred that Brunswick had an intent to deceive the public. We also note that both Brunswick and PCG have cited to portions of *Pequignot v. Solo Cup Co.*, 608 F.3d 1356 (Fed. Cir. 2010), in which the Federal Circuit recently addressed Section 262(a) claims and addressed issues relating to the knowledge of the falsity of marks and a rebuttable presumption of intent. *Id.* at 1362-63; (Mem. Dis. 4); (Ans. Dis. 3). However, in *Pequignot*, the court was reviewing a lower court's ruling on a motion for summary judgment and the issues addressed by the court related to the merits of the claims, rather than the pleading standard. *Id.* at 1357-58. Thus, *Pequignot* is not applicable to the instant action at this juncture. PCG is not required to prove its case at the pleadings stage, and to require more facts from PCG concerning intent would impose even a higher pleading standard than is required under Rule 9(b), effectively foreclosing *qui tam* actions such as this, which Congress has indicated should be available to the public.

*See Forest Group, Inc. v. Bon Tool Co.*, 590 F.3d 1295, 1303 (Fed. Cir. 2009) (stating that "Congress' interest in preventing false marking was so great that it enacted a statute which sought to encourage third parties to bring *qui tam* suits to enforce the statute"). Therefore, based on the above, we deny Brunswick's motion to dismiss.

## CONCLUSION

Based on the foregoing analysis, we deny the motion to dismiss.

_____
Samuel Der-Yeghiayan
United States District Court Judge

Dated: January 14, 2011